IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| WALTER STOKES, | : |
| Petitioner, | : |
| v. | : Civil Action No. 19-1011-CFC |
| KOLAWOLE AKINBAYO, Warden, and ATTORNEY GENERAL OF THE STATE OF DELAWARE, | : |
| Respondents. | : |

**MEMORANDUM**

I. **BACKGROUND**

> On March 31, 1977, a jury convicted [Petitioner] Walter Stokes, Jr. of intentional first degree murder, first degree robbery, and two counts of possession of a deadly weapon during the commission of a felony ["PDWDCF"]. He was sentenced to life plus an additional term of years in prison.

*State v. Stokes*, 2008 WL 3312809, at *1 (Del. Super. Ct. Aug. 11, 2008).

> On appeal, [Petitioner] argued, among other things, that "there was insufficient proof of the Corpus delicti to support the convictions for First Degree Robbery and Possession of a Deadly Weapon during the robbery" because the only evidence in the record was [Petitioner's] confession.
>
> The [Delaware] Supreme Court found that "there must be some evidence of the Corpus delicti of a crime, independent of the defendant's confession to support a conviction." Thus, the Supreme Court reversed [Petitioner's] conviction for the First Degree Robbery and Second PDWDCF.
>
> On May 25, 1979, [Petitioner's] sentence was corrected as follows: for First Degree Murder, natural life without benefit of parole; for First PDWDCF, 5 years at Level V; for First Degree

1

>Conspiracy, 1 year at Level V; for First Degree Robbery, stricken; for Second PDWDCF, stricken.

*State v. Stokes*, 2019 WL 6329066, at *1 (Del. Super. Ct. Nov. 26, 2019).

In June 1989, Petitioner filed in the Superior Court a motion for post-conviction relief pursuant to Delaware Superior Court Criminal Rule 61 ("Rule 61 motion"). *See Stokes v. State*, 574 A.2d 264 (Table), 1990 WL 38314, at *1 (Del. Super. Ct. Mar. 13, 1990). The Superior Court denied the Rule 61 motion, and the Delaware Supreme Court affirmed that decision. *See id.* at *2.

In May 2008, Petitioner filed a second Rule 61 motion. *See id.* at *1. The Superior Court denied Petitioner's second Rule 61 motion as both time-barred and procedurally barred under Rules 61(i)(1), (2), and (3). *See id.* at *3. The Delaware Supreme Court affirmed that decision. *See Stokes v. State*, 963 A.2d 139 (Table), 2008 WL 5247280, at *1 (Del. Dec. 18, 2008).

On May 29, 2018, Petitioner filed in the Delaware Superior Court a motion for correction of sentence pursuant to Delaware Superior Court Criminal Rule 35(a). (D.I. 3-1 at 11, Entry No. 69) On October 29, 2018, the Superior Court granted the Rule 35(a) motion in part, stating: "The transposition error has been corrected as to CRA IN77010848R2, the correction reflects the charge of Robbery 1st, as to CRA IN77010847R2, the correction reflects the charge of Conspiracy 1st. This correction is made in accordance with Superior Court Rule 36 which allows the court to amend clerical errors in its records at any time. The correction does not affect the terms of the previously imposed sentence." (D.I. 3-1 at 11, Entry No. 73)

2

Thereafter, Petitioner filed another Rule 35 motion for sentence modification, in which he argued that his first degree conspiracy sentence is illegal because the indictment for the charge was illegal. (D.I. 3-1 at 17) He also argued that the conspiracy should have been dismissed because the robbery was included within the conspiracy. (D.I. 3-1 at 17 n.9) The Superior Court denied that motion on February 14, 2019. (D.I. 3-1 at 18) The Delaware Supreme Court affirmed that decision on May 9, 2019, and denied rehearing on May 21, 2019. See Stokes v. State, 210 A.3d 724 (Table), 2019 WL 2068320 (Del. May 9, 2019).

Petitioner filed a third Rule 35 motion for sentence modification, in which he argued that "he was illegally sentenced on May 25, 1979 in violation of Superior Court Criminal Rule 32(a)(1)(C)" because the "Court did not allow him the opportunity to be heard at his resentencing hearing." See State v. Stokes, 2019 WL 6329066, at *1 (Del. Super. Ct. Nov. 26, 2019). The Superior Court denied the third Rule 35 motion, holding that Petitioner had not been illegally sentenced. The Superior Court explained that Petitioner "was present and afforded the opportunity to be heard both personally and through counsel" when he was originally sentenced to a mandatory life sentence. Id. at *2. The state court further opined that, "upon remand, the Superior Court had no discretion in imposing the mandatory life sentence. Therefore, [Petitioner's] rights were not violated when the Superior court issued a written order resentencing him to a mandatory life sentence on May 25, 1979." Id. at *2.

On June 23, 2020, Petitioner filed a fourth motion for correction of illegal sentence. See State v. Stokes, 2020 WL 6257035, at *1 (Del. Super. Ct. Oct. 22,

3

2020), *reissued* (Del. Super. Ct. July 12, 2021). On July 8, 2020, Petitioner filed a motion to amend sentence pursuant to Rule 35(a), and then filed another motion to amend on October 5, 2020. *See id.* In those three motions, Petitioner "essentially argue[d] that because the [Delaware] Supreme Court reversed his First Degree Robbery conviction, it was illegal for [the Superior] Court to resentence him to First Degree Conspiracy and First Degree Murder." *Id.* at *1. The Superior Court denied the three motions on October 22, 2020. *See id.* On July 12, 2021, the Superior Court vacated the October 22, 2020 decision and reissued it. *See id.* The Delaware Supreme Court affirmed the Superior Court's July 12, 2021 decision on October 7, 2021, and denied reargument on November 5, 2021. *See Stokes v. State*, 263 A.3d 1013 (Table), 2021 WL 4702602, at *1 (Del. Oct. 7, 2021).

Presently pending before the Court is Petitioner's form petition for habeas relief under 28 U.S.C. § 2254 and a Memorandum of Law challenging the Delaware state courts' denial of his Rule 35 motions.[1] (D.I 1; D.I. 3) He contends that the Delaware

---

[1]The Court's research reveals that Petitioner filed at least two more Rule 35 motions after filing the instant Petition. Those Rule 35 motions appear to have raised similar – if not identical – grounds for relief as did the Rule 35 motions providing the basis for Petitioner's instant argument. For instance, Petitioner filed a fourth motion for correction of illegal sentence on June 23, 2020. *See State v. Stokes*, 2020 WL 6257035, at *1 (Del. Super. Ct. Oct. 22, 2020), *reissued* (Del. Super. Ct. July 12, 2021). On July 8, 2020, Petitioner filed a motion to amend sentence pursuant to Rule 35(a), and then filed another motion to amend on October 5, 2020. *See id.* In those three motions, Petitioner "essentially argue[d] that because the [Delaware] Supreme Court reversed his First Degree Robbery conviction, it was illegal for [the Superior] Court to resentence him to First Degree Conspiracy and First Degree Murder." *Id.* at *1. The Superior Court denied the three motions on October 22, 2020. *See id.* On July 12, 2021, the Superior Court vacated the October 22, 2020 decision and reissued it. *See id.* The Delaware Supreme Court affirmed the Superior Court's July 12, 2021 decision on October 7,

state courts abused their discretion by denying his requests to correct the illegal 1979 re-sentence on the first degree conspiracy conviction. (D.I. 3 at 5) More specifically, he argues that the Delaware courts abused their discretion in denying his Rule 35 motions because the 1979 "re-sentence": (1) exceeds statutory limits; (2) violates double jeopardy; (3) is ambiguous; (4) is internally contradictory; (5) omits a term required to be imposed by statute; (6) is uncertain as to the substance of the sentence; and (7) is a sentence that the judgment of conviction did not authorize. (D.I. 3 at 5-8) Petitioner also appears to allege that the Delaware Pardon Board improperly refused to grant him a pardon. (D.I. 3 at 8) In his AEDPA Election Form, Petitioner asserts that he is not seeking relief pursuant to 28 U.S.C. § 2254 but, rather, he is seeking relief under "Fed. R. Proc. 35(a)" which can be filed "anytime." (D.I. 6 at 2)

## II. STANDARD OF REVIEW

A district court judge may summarily dismiss a habeas petition "if it plainly appears from the face of the petition and any exhibits annexed to it that the petitioner is not entitled to relief." Rule 4, 28 U.S.C. foll. § 2254. Federal habeas relief is unavailable to a state prisoner unless he "is in custody in violation of the Constitution of laws . . . of the United States." See 28 U.S.C. § 2254(a) and (d). Additionally, "district courts are permitted, but not obliged, to consider, *sua sponte*, the timeliness of a state prisoner's habeas petition." *Day v. McDonough*, 547 U.S. 198, 209 (2006). Nevertheless, "before acting on its own initiative [to dismiss a petition as untimely], a

---

2021, and denied reargument on November 5, 2021. *See Stokes v. State*, 263 A.3d 1013 (Table), 2021 WL 4702602, at *1 (Del. Oct. 7, 2021).

5

court must accord the parties fair notice and an opportunity to present their positions." *Day*, 547 U.S. at 210.

## III. DISCUSSION

The Court's review of the instant Petitions reveals that it suffers from two flaws. First, the Petition appears to challenge a state post-conviction decision that cannot be remedied by a writ of habeas corpus. Second, to the extent the Petition should be construed as presenting cognizable habeas claims, the Petition appears to be clearly time-barred. The Court discusses each conclusion in more detail below.

### A. The Petition Does Not Assert Cognizable Habeas Claims

Petitioner contends that the Delaware state courts abused their discretion in denying his Rule 35(a) motions to correct sentence. (D.I. 3-1 at 46) In Delaware, Rule 35 motions are motions for collateral review which are judicially reviewed in proceedings occurring outside of the direct review process. *See Lopez v. Phelps*, 2011 WL 3205488, at *3 n. 5 (D. Del. July 27, 2011). It is well-settled that a claim alleging an error in a state collateral review proceeding is not a cognizable habeas claim. *See Hassine v. Zimmerman*, 160 F.3d 941, 954 (3d Cir. 1998) ("The federal role in reviewing an application for habeas corpus is limited to evaluating what occurred in the state or federal proceedings that actually led to the petitioner's conviction; what occurred in the petitioner's collateral proceeding does not enter into the habeas calculation.") Therefore, the Court concludes that Petitioner's challenge to the Delaware state court denials of his Rule 35 motions fails to assert a proper basis for federal habeas relief.

6

Petitioner also appears to contend that the Delaware Board of Pardons improperly denied his request for a pardon. (D.I. 3-1 at 49) It is well settled that an inmate has no constitutional or inherent right to the commutation of his sentence. *See Ohio Adult Parole Auth. v. Woodard*, 523 U.S. 272, 280 (1998); *Connecticut Bd. of Pardons v. Dumschat*, 452 U.S. 458, 464 (1981). Therefore, Petitioner's vague assertion about his inability to obtain a pardon also fails to assert an issue cognizable on federal habeas review. *See, e.g., Saunders v. Markell*, 2013 WL 663407, at *3 (D. Del. Feb. 21, 2013) (summarily dismissing as noncognizable a petitioner's challenge to the Governor's denial of a commutation request).

As for Petitioner's statement in his AEDPA election form that he wishes to proceed under "Fed. R. Proc. 35" because an illegal sentence can be corrected anytime, the Court notes that Rule 35 only applies to sentences imposed by a federal court for federal convictions. Petitioner's sentence was imposed by a Delaware state court for his conviction under Delaware law. Therefore, Federal Rule of Criminal Procedure 35 is inapplicable to Petitioner's sentence.[2] *See* Fed. R. Crim. P. 1(a).

Based on the foregoing, the Court finds that the Petition is subject to summary dismissal for failing to assert any claims that are cognizable on federal habeas review.

---

[2] Petitioner appears to believe that he can seek relief under Federal Rule of Criminal Procedure 35 if he presents his claim on a form petition for 28 U.S.C. § 2255 rather than on a form for 28 U.S.C. § 2254. (D.I. 4) He is mistaken. Federal Rule of Criminal Procedure 35 is inapplicable to state sentences, regardless of the form habeas petition utilized by a petitioner.

B. **The Petition is Clearly Untimely**

The Petition is governed by the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), 28 U.S.C. § 2244. AEDPA imposes a one-year period of limitation on the filing of habeas petitions and effectively precludes petitioners from filing a second or subsequent habeas application except in the most unusual of circumstances. *See* 28 U.S.C. § 2244(b); 28 U.S.C. § 2244(d)(1); *United States v. Miller*, 197 F.3d 644 (3d Cir. 1999); *Mason v. Meyers*, 208 F.3d 414 (3d Cir. 2000). AEDPA's limitation period runs from the latest of:

> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking time for seeking such review;
>
> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such state action;
>
> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. 2244(d)(1). When, as here, a petitioner's judgment of conviction became final prior to AEDPA's effective date of April 24, 1996, the petitioner benefits from a one-year grace period for timely filing habeas petitions, thereby extending the filing period

through April 23, 1997.¹ See McAleese v. Brennan, 483 F.3d 206, 213 (3d Cir. 2007); Douglas v. Horn, 359 F.3d 257, 261 (3d Cir. 2004). Thus, Petitioner had until April 23, 1997 to timely file his Petition.

Petitioner filed the instant Petition in 2019, more than twenty years too late. AEDPA's limitations period, however, is subject to statutory and equitable tolling. See Holland v. Florida, 560 U.S. 631 (2010) (equitable tolling); 28 U.S.C. § 2244(d)(2) (statutory tolling). In addition, a petitioner can avoid being time-barred by establishing a gateway claim of actual innocence. The Court will consider whether any of these doctrines affect the timeliness of the instant Petition.

The Court views Petitioner's statement in his AEDPA Election Form concerning Federal Rule of Criminal Procedure 35 as both an acknowledgement that his Petition is time-barred and an attempt to trigger statutory tolling. As previously mentioned, however, Rule 35 is inapplicable to Petitioner's sentence and does not provide a method to avoid AEDPA's time bar. In turn, none of Petitioner's state post-conviction motions trigger statutory tolling. Petitioner's first Rule 61 motion, filed in 1993, has no statutory tolling effect because it was filed years before AEDPA's effective date.

---

¹Many federal circuit courts have held that the one-year grace period for petitioners whose convictions became final prior to the enactment of AEDPA ends on April 24, 1997, not April 23, 1997. See Patterson v. Stewart, 251 F.3d 1243, 1246 (9th Cir. 2001) (collecting cases). Although the Third Circuit has noted that "[a]rguably we should have used April 24, 1997, rather than April 23, 1997, as the cut-off date," Douglas, 359 F.3d at 261 n.5 (citing Fed. R. Civ .P. 6(d)), it appears that April 23, 1997 is still the relevant cut-off date in this circuit. In the present situation, however, Petitioner filed his petition well-past either cut-off date, rendering the one-day difference immaterial.

9

Petitioner's second Rule 61 motion, filed in 2008, also has no statutory tolling effect because it was filed approximately eleven years after the expiration of AEDPA's limitations period. Finally, none of Petitioner's Rule 35 motions to correct or modify an illegal sentence have any statutory tolling effect because they, too, were filed long after the expiration of AEDPA's one-year limitations period. Consequently, the only way for the instant Petition to be deemed timely filed is if equitable tolling applies or if Petitioner establishes a gateway claim of actual innocence.

Equitable tolling is only appropriate in rare circumstances when the petitioner demonstrates "(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way and prevented timely filing." *Holland*, 560 U.S. at 649-50. With respect to the diligence inquiry, equitable tolling is not available where the late filing is due to the petitioner's excusable neglect. *Id.* at 651-52. As for the extraordinary circumstance requirement, "the relevant inquiry is not whether the circumstance alleged to be extraordinary is unique to the petitioner, but how severe an obstacle it creates with respect to meeting AEDPA's one-year deadline." *Pabon v. Mahanoy*, 654 F.3d 385, 401 (3d Cir. 2011). An extraordinary circumstance will only warrant equitable tolling if there is "a causal connection, or nexus, between the extraordinary circumstance [] and the petitioner's failure to file a timely federal petition." *Ross v. Varano*, 712 F.3d 784, 803 (3d Cir. 2013). Specifically, "if the person seeking equitable tolling has not exercised reasonable diligence in attempting to file after the extraordinary circumstances began, the link of causation between the extraordinary circumstances and the failure to file is broken, and the extraordinary circumstances

10

therefore did not prevent timely filing." *Brown v. Shannon,* 322 F.3d 768, 773 (3d Cir.2003). The burden is on the petitioner to prove that he has been reasonably diligent in pursuing his rights. *See Urcinoli v. Cathel,* 546 F.3d 269, 277 (3d Cir.2008).

In addition, a credible claim of actual innocence may serve as an "equitable exception" that can overcome the bar of AEDPA's one-year limitations period. *See McQuiggin v. Perkins*, 569 U.S 383, 392 (2013); *Wallace*, 2 F. 4th at 150-151. A petitioner satisfies the actual innocence exception by (1) presenting new, reliable evidence of his innocence; and (2) showing "by a preponderance of the evidence" that "a reasonable juror would have reasonable doubt about his guilt[] in light of the new evidence." *Wallace*, 2 F.4th at 151. Evidence is new for purposes of the actual innocence gateway, even if it was available for trial counsel through reasonable diligence, if trial counsel's failure to discover or present it is alleged as ineffective assistance of counsel. *See Reeves v. Fayette SCI*, 897 F.3d 154, 164 (3d Cir. 2018).

Petitioner does not provide any argument for equitable tolling or actual innocence. Given these circumstances, the Court finds that the instant Petition is subject to summary dismissal for being time-barred.

## IV. CONCLUSION

For the reasons set forth above, the Court concludes that the instant Petition is subject to summary dismissal. Nevertheless, in the interests of justice, Petitioner shall be given an opportunity to show cause: (1) why his Petition should not dismissed for failing to assert any claim cognizable on federal habeas review; and (2) why the Petition

11

should not be dismissed as time-barred. If Petitioner fails to respond, his Petition will be summarily dismissed with prejudice. An appropriate Order follows.

Dated: March 7, 2022

Colm F. Connolly
Chief Judge