IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| WALTER STOKES, | : |
| Petitioner, | : |
| v. | : Civil Action No. 19-1011-CFC |
| ROBERT MAY, Warden, and ATTORNEY GENERAL OF THE STATE OF DELAWARE, | : |
| Respondents.[1] | : |

---

Walter Stokes. *Pro se* Petitioner.

---

**MEMORANDUM OPINION**

May 23, 2022
Wilmington, Delaware

---

[1] Warden Robert May has replaced former Warden Dana Metzger, an original party to the case.  See Fed. R. Civ. P. 25(d).

CONNOLLY, CHIEF JUDGE:

Petitioner is proceeding *pro se* with a petition for federal habeas relief pursuant to 28 U.S.C. 2254 ("Petition"). (D.I. 1) On March 7, 2022, the Court entered a Memorandum and Order directing Petitioner to show cause why his Petition should not be dismissed as time-barred and for failing to assert a cognizable basis for federal habeas relief. (D.I. 7; D.I. 8) In response, Petitioner filed a motion to stay the proceeding so that he can return to the Delaware state courts and present a claim of actual innocence. (D.I. 9) For the following reasons, the Court will deny the motion to stay, and dismiss the Petition as time-barred without issuing a certificate of appealability.

I. **BACKGROUND**

In March 1977, a Delaware Superior Court jury convicted Petition of first degree murder, first degree robbery, first degree conspiracy, and two counts of possession of a deadly weapon during the commission of a felony ("PDWDCF"). *See Stokes v. State*, 402 A.2d 376, 377 (Del. 1979). He was sentenced to life plus an additional term of years in prison. *See State v. Stokes*, 2008 WL 3312809, at *1 (Del. Super. Ct. Aug. 11, 2008).

> On appeal, [Petitioner] argued, among other things, that "there was insufficient proof of the Corpus delicti to support the convictions for First Degree Robbery and Possession of a Deadly Weapon during the robbery" because the only evidence in the record was [Petitioner's] confession.
>
> The [Delaware] Supreme Court found that "there must be some evidence of the Corpus delicti of a crime, independent of the defendant's confession to support a conviction." Thus,

2

> the Supreme Court reversed [Petitioner's] conviction for the First Degree Robbery and Second PDWDCF.
>
> On May 25, 1979, [Petitioner's] sentence was corrected as follows: for First Degree Murder, natural life without benefit of parole; for First PDWDCF, 5 years at Level V; for First Degree Conspiracy, 1 year at Level V; for First Degree Robbery, stricken; for Second PDWDCF, stricken.

State v. Stokes, 2019 WL 6329066, at *1 (Del. Super. Ct. Nov. 26, 2019).

In June 1989, Petitioner filed in the Superior Court a motion for post-conviction relief pursuant to Delaware Superior Court Criminal Rule 61 ("Rule 61 motion"). See Stokes v. State, 574 A.2d 264 (Table), 1990 WL 38314, at *1 (Del. Mar. 13, 1990). He argued that: (1) he was denied effective assistance of counsel because he and his codefendant both were represented by the Public Defender's Office at their joint preliminary hearing; (2) he was denied due process because he was unable to obtain a copy of the transcript of that hearing; and (3) he was denied due process because he was advised not to testify at his preliminary hearing. See id. The Superior Court denied the Rule 61 motion as time-barred, and the Delaware Supreme Court affirmed that decision. See id. at *2.

In May 2008, Petitioner filed a second Rule 61 motion. See id. at *1. The Superior Court denied Petitioner's second Rule 61 motion as both time-barred and procedurally barred under Rules 61(i)(1), (2), and (3). See id. at *3. The Delaware Supreme Court affirmed that decision. See Stokes v. State, 963 A.2d 139 (Table), 2008 WL 5247280, at *1 (Del. Dec. 18, 2008).

On May 29, 2018, Petitioner filed in the Delaware Superior Court a motion for correction of sentence pursuant to Delaware Superior Court Criminal Rule 35(a). (D.I.

3

3-1 at 11, Entry No. 69) On October 29, 2018, the Superior Court granted the Rule 35(a) motion in part, stating: "The transposition error has been corrected as to CRA IN77010848R2, the correction reflects the charge of Robbery 1st, as to CRA IN77010847R2, the correction reflects the charge of Conspiracy 1st. This correction is made in accordance with Superior Court Rule 36 which allows the court to amend clerical errors in its records at any time. The correction does not affect the terms of the previously imposed sentence." (D.I. 3-1 at 11, Entry No. 73)

Thereafter, Petitioner filed another Rule 35 motion for sentence modification, in which he argued that his first-degree conspiracy sentence is illegal because the indictment for the charge was illegal. (D.I. 3-1 at 17) He also argued that the conspiracy should have been dismissed because the robbery was included within the conspiracy. (D.I. 3-1 at 17 n.9) The Superior Court denied that motion on February 14, 2019. (D.I. 3-1 at 18) The Delaware Supreme Court affirmed that decision on May 9, 2019, and denied rehearing on May 21, 2019. *See Stokes v. State*, 210 A.3d 724 (Table), 2019 WL 2068320 (Del. May 9, 2019).

Petitioner filed a third Rule 35 motion for sentence modification in 2019, in which he argued that "he was illegally sentenced on May 25, 1979 in violation of Superior Court Criminal Rule 32(a)(1)(C)" because the "Court did not allow him the opportunity to be heard at his resentencing hearing." *See State v. Stokes*, 2019 WL 6329066, at *1 (Del. Super. Ct. Nov. 26, 2019). The Superior Court denied the third Rule 35 motion, holding that Petitioner had not been illegally sentenced. The Superior Court explained that Petitioner "was present and afforded the opportunity to be heard both personally

4

and through counsel" when he was originally sentenced to a mandatory life sentence. *Id.* at *2. The state court further opined that, "upon remand, the Superior Court had no discretion in imposing the mandatory life sentence. Therefore, [Petitioner's] rights were not violated when the Superior court issued a written order resentencing him to a mandatory life sentence on May 25, 1979." *Id.* at *2.

In May 2019, Petitioner filed the instant pending Petition for habeas relief under 28 U.S.C. § 2254 and a Memorandum of Law challenging the Delaware state courts' denial of his Rule 35 motions.[2] (D.I 1; D.I. 3) He contends that the Delaware state courts abused their discretion by denying his requests to correct the illegal 1979 re-sentence on the first degree conspiracy conviction. (D.I. 3 at 5) More specifically, he argues that the Delaware courts abused their discretion in denying his Rule 35 motions because the 1979 "re-sentence": (1) exceeds statutory limits; (2) violates double jeopardy; (3) is ambiguous; (4) is internally contradictory; (5) omits a term required to be imposed by statute; (6) is uncertain as to the substance of the sentence; and (7) is a sentence that the judgment of conviction did not authorize. (D.I. 3 at 5-8) Petitioner also appears to allege that the Delaware Pardon Board improperly refused to grant him a pardon. (D.I. 3 at 8) In his AEDPA Election Form, Petitioner asserts that he is not

---

[2]After filing the instant Petition, Petitioner filed at least two more Rule 35 motions in which he also argued that the Superior Court illegally resentenced him to first degree conspiracy and first degree murder based on the Delaware Supreme Court's reversal of his conviction for first degree robbery. *See State v. Stokes*, 2020 WL 6257035, at *1 (Del. Super. Ct. Oct. 22, 2020), *reissued* (Del. Super. Ct. July 12, 2021); *Stokes v. State*, 263 A.3d 1013 (Table), 2021 WL 4702602, at *1 (Del. Oct. 7, 2021).

seeking relief pursuant to 28 U.S.C. § 2254 but, rather, he is seeking relief under "Fed. R. Proc. 35(a)" which can be filed "anytime." (D.I. 6 at 2)

On March 7, 2022, the Court entered a Memorandum and Order directing Petitioner to show cause why his Petition should not be dismissed as time-barred and because his challenge to the Delaware state courts' denials of his motions to correct an illegal sentence did not provide a proper basis for federal habeas review. (D.I. 7; D.I. 8) In response, Petitioner filed a Motion to Stay the proceeding so that he can return to the Delaware state courts and present a claim of actual innocence, presumably in a Rule 61 motion.[3] (D.I. 9)

## II. MOTION TO STAY

A court may grant a protective stay to allow a petitioner to return to state court if the habeas petition contains both exhausted and unexhausted claims, and the petitioner's ability to file a future habeas petition after proper exhaustion in the state courts will be clearly foreclosed by the expiration of AEDPA's one-year filing period. See Rhines v. Weber, 544 U.S. 269 (2005); Pliler v. Ford, 542 U.S. 225 (2004). The instant Petition is already time-barred and does not contain any unexhausted claims. Petitioner's expressed intent to pursue a claim of actual innocence in a new Rule 61 motion does not alter either of those facts. Therefore, the Court will deny the instant Motion to Stay.

---

[3]Petitioner appears to have abandoned his previous reliance on Federal Rule of Criminal Procedure 35 as an avenue for obtaining habeas relief. (D.I. 9) Additionally, although Petitioner does not address the fact that his challenge to the denial of his state motions for collateral review fails to provide a basis for federal habeas relief, the Court will base its decision to deny the instant Petition on the fact that it is time-barred.

## III. THE PETITION IS TIME-BARRED

As the Court previously explained in its March 7, 2022 Memorandum and Order to Show Cause, the instant Petition is governed by the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), 28 U.S.C. § 2244, and is subject to AEDPA's one-year period of limitation. (D.I. 7 at 8-9) AEDPA's limitations period may be statutorily and equitably tolled, and a petitioner may also avoid being time-barred by establishing a gateway claim of actual innocence. (*See id.*)

Here, Petitioner filed the instant Petition more than twenty years too late, and none of Petitioner's previously-filed state motions for collateral relief statutorily toll the limitations period.[4] (See D.I. 7 at 9-10) Therefore, the Petition is time-barred unless equitable tolling applies or Petitioner establishes a gateway claim of actual innocence.

The Court acknowledges that Petitioner's Motion to Stay may be construed as a Response to the Court's Memorandum and Order to Show Cause. So construed, the the Response appears to assert: (1) an argument for equitable tolling; and (2) an argument that Petitioner's untimely filing of the instant Petition should be excused because he is actually innocent. For the following reasons, the Court concludes that the arguments are unavailing and that the Petition should be dismissed as time-barred.

### A. Equitable Tolling

Petitioner appears to argue that equitable tolling is warranted because, "[d]uring [the] appellate and re-sentencing phases," "counsel should have discovered and

---

[4]To the extent Petitioner believes a newly filed Rule 61 motion would somehow trigger statutory tolling, he is mistaken. A motion for collateral relief can only trigger statutory tolling if it is filed before the expiration of AEDPA's one-year statute of limitations.

7

presented" the argument that the Superior Court committed plain error in 1979 by resentencing him to first degree conspiracy and first degree murder after the Delaware Supreme Court reversed his convictions for first degree robbery and accompanying PDWDCF charge. (D.I. 9 at 2)

The Delaware Supreme Court decided Petitioner's direct appeal on May 9, 1979, and the Superior Court resentenced Petitioner on May 25, 1979. *See Stokes*, 2020 WL 6257035, at *1. Even if the Court were to accept Petitioner's argument that defense counsel provided ineffective assistance during his 1979 direct appeal and resentencing (which it does not), counsel's alleged ineffective assistance in 1979 does not explain why Petitioner waited until 2018 to raise the "plain error" argument to the Delaware state courts and until 2019 to raise the "plain error" argument in the instant Petition. In other words, Petitioner has failed to demonstrate that he pursued his claims with the requisite amount of reasonable diligence necessary to justify equitable tolling. Thus, equitable tolling is not warranted in this case.

### B. Gateway Claim of Actual Innocence

A credible claim of actual innocence may serve as an "equitable exception" that can overcome the bar of AEDPA's one-year limitations period. *See McQuiggin v. Perkins*, 569 U.S 383, 392 (2013); *Wallace v. Mahanoy*, 2 F. 4th 133,150-151 (3d Cir. 2021). A petitioner satisfies the actual innocence exception by (1) presenting new, reliable evidence of his innocence; and (2) showing "by a preponderance of the evidence" that "a reasonable juror would have reasonable doubt about his guilt[] in light of the new evidence." *Wallace*, 2 F.4th at 151. "Actual innocence means factual

innocence, not mere legal insufficiency." *Bousley v. United States*, 523 U.S. 614, 623 (1998).

Here, Petitioner's plain error argument asserts a claim of *legal* innocence rather than a claim of *factual* innocence. Therefore, Petitioner's instant assertion of innocence does not constitute a credible gateway claim capable of overcoming AEDPA's time-bar.

## IV. CERTIFICATE OF APPEALABILITY

Finally, the Court must decide whether to issue a certificate of appealability. *See* 3d Cir. L.A.R. 22.2 (2011). A federal court may issue a certificate of appealability only when a petitioner makes a "substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). This showing is satisfied when the petitioner demonstrates "that reasonable jurists would find the district court's assessment of the denial of a constitutional claims debatable or wrong." 28 U.S.C. § 2253(c)(2); *see also Slack v. McDaniel*, 529 U.S. 473, 484 (2000). If a federal court denies a habeas petition on procedural grounds without reaching the underlying constitutional claims, the court is not required to issue a certificate of appealability unless the petitioner demonstrates that jurists of reason would find it debatable: (1) whether the petition states a valid claim of the denial of a constitutional right; and (2) whether the court was correct in its procedural ruling. *See Slack*, 529 U.S. at 484.

The Court concludes that Petitioner's habeas Petition must be dismissed as time-barred, and is persuaded that reasonable jurists would not find this conclusion to be debatable or wrong. Therefore, the Court will not issue a certificate of appealability.

9

## V.     CONCLUSION

For the foregoing reasons, the Court will dismiss the instant Petition as time-barred.  An appropriate Order will be entered.